1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  JAVIER MARTINEZ,                    No. 2:21-cv-0033 DB P
12            Petitioner,
13       v.                             ORDER
14  UNKNOWN,
15            Respondent.
16
17       Petitioner, a state prisoner at Calipatria State Prison, has filed a document styled "letter,"
18  seeking an extension of time to file his application for a petition of writ of habeas corpus. No
19  other pleadings have been filed by the petitioner. In order to commence an action, petitioner must
20  file a petition for writ of habeas corpus as required by Rule 3 of the Rules Governing Section
21  2254 cases, and petitioner must either pay the required filing fee or file an application requesting
22  leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a).
23       Petitioner states in his letter that he is concerned about the statute of limitations expiring
24  before he files his petition. (ECF No. 1.) He further states that he is facing difficulty in
25  conducting the necessary research to file a petition due to COVID-19 related restrictions on use of
26  the prison law library. Petitioner is advised that he may amend his petition at a later date. The
27  petition should contain plain and simple statements regarding the underlying facts and relief
28  sought. Detailed arguments supported by case law is not required at this stage of the proceeding.

Plaintiff is advised that "correspondence and motions for extensions of time cannot be considered petitions for writ of habeas corpus." <u>Miles v. Grounds</u>, No. 1:12-cv-0813 AWI MJS HC, 2013 WL 2337912 at *4 (E. D. Cal. May 28, 2013); <u>see also</u> "[A] case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court." <u>Woodford v. Garceau</u>, 538 U.S. 202, 210 (2003); <u>see also</u> <u>Braggs v. Walker</u>, 2011 WL 2709847, *2 (N.D. Cal. 2011) (filing a letter and request for an extension of time did not constitute a "pending" habeas petition and did not toll the statute of limitations).

The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, petitioner's motion will be denied without prejudice. Petitioner will be provided the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's January 7, 2021 letter and motion for extension of time is denied without prejudice;

2. Petitioner is granted thirty days from the date of service of this order to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

////
////
////
////
////
////

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated: January 12, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/mart0033.Nopetition